# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1377

_____

Medcenter One Health Systems   *
and St. Alexius Medical Center,   *
  *
   Plaintiffs - Appellees,   *
  *   Appeal from the United States
v.   *   District Court for the
  *   District of North Dakota.
Kathleen Sebelius, Secretary,   *
Department of Health and   *
Human Services,   *
  *
   Defendant - Appellant.   *

_____

Submitted: November 18, 2010
Filed: February 25, 2011

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Medcenter One Health Systems and St. Alexius Medical Center (together "Hospitals") sued the Secretary of the Department of Health and Human Services, seeking reimbursement for the training expenses of medical residents for 1999-2001. The district court ruled for the Hospitals. Having jurisdiction under 28 U.S.C. § 1291, this court reverses.

The Hospitals, located in Bismarck, had agreements with the University of North Dakota to rotate medical residents through a jointly-operated nonhospital family practice facility.  The statute for the years 1999-2001 reimburses a hospital when its residents care for patients in a nonhospital setting, but only if "the hospital incurs all, or substantially all, of the costs for the training program in that setting."  **42 U.S.C. §§ 1395ww(d)(5)(B)(iv), 1395ww(h)(4)(E)** (1994 & Supp. III 1997).  Further, an HHS rule requires identification of these costs in a "written agreement between the hospital and the nonhospital site."  **42 C.F.R. § 413.86(f)(4)(ii)** (1998) (direct costs), *applied to indirect costs by* **42 C.F.R. § 412.105(f)(1)(ii)(C)** (1998).

The Hospitals requested reimbursement for their shared training costs at the nonhospital facility for 1999-2001.  A government-contracted fiscal intermediary partially denied reimbursement.  The Hospitals successfully appealed to the Provider Reimbursement Review Board ("PRRB").  However, a Deputy Administrator of the Centers for Medicare and Medicaid Services, acting for the Secretary, overturned the PRRB's decision.  The Deputy Administrator found in a footnote that the Hospitals' documentation did not appear to meet the "written agreement" requirement.  The Hospitals sought judicial review under 42 U.S.C. § 1395oo(f).  The district court ruled that the statute permitted the Hospitals' cost-sharing arrangement and that HHS had conceded reliance on the "written agreement" regulation.  It granted the Hospitals' motion for summary judgment, ordering reimbursement.  The Secretary appeals.

This court reviews de novo the grant of summary judgment. ***Baptist Health v. Thompson***, 458 F.3d 768, 773 (8th Cir. 2006).  In Medicare reimbursement cases, "the Secretary's decision is set aside if it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or contrary to law." ***Id.*** (citations and quotation marks omitted).

Congress has given HHS authority to determine the adequacy of reimbursement documentation. *See* **42 U.S.C. § 1395g(a)** ("no such payments shall be made to any

provider unless it has furnished such information as the Secretary may request"). For the years at issue, a regulation conditioned reimbursement on a written agreement with certain features:

> The written agreement between the hospital and the nonhospital site must indicate that the hospital will incur the cost of the resident's salary and fringe benefits while the resident is training in the nonhospital site and the hospital is providing reasonable compensation to the nonhospital site for supervisory teaching activities. The agreement must indicate the compensation the hospital is providing to the nonhospital site for supervisory teaching activities.

**42 C.F.R. § 413.86(f)(4)(ii)** (1998). The Hospitals have not pointed to any complying written agreement. A letter from Associate Professor William S. Mann to the Hospitals' chief executive officers states, "Operating deficits will be covered by the hospitals, to the extent that they are incurred, consistent with agreed upon goals and sound practices." However, the letter does not indicate that covering the operating deficits is "compensation," nor indicate how it is calculated.[1] Similarly, a 1994 "Statement of Agreement" provides that the Hospitals "shall be fiscally responsible for the program only to the level no greater than the per resident actual reimbursement from Medicare or an all payer pool." This agreement expired in 1997. Even if this court applied the Statement of Agreement to 1999-2001, it still does not place responsibility on the Hospitals for "the cost of the resident's salary and fringe benefits." Indeed, it absolves the Hospitals of responsibility for unreimbursed costs.

---

[1] Testimony before the PRRB indicated that the University paid operating costs up front, including medical residents' stipends and benefits. After the University offset these costs with its own revenue sources, the Hospitals split any remaining expenses evenly, without regard to the costs of their own residents' salaries and fringe benefits.

The Hospitals argue that HHS waived the written agreement issue. The PRRB found that the "Intermediary conceded that the written agreement requirement . . . was also met." The intermediary's supplemental position paper before the PRRB stated that "the documentation issues related to the agreement may have been satisfied." At the PRRB hearing, the intermediary's attorney said "that problem was solved." Even taking these as concessions, the intermediary's position before the PRRB does not bind HHS, which was not a party to the PRRB proceedings. *See* **42 C.F.R. § 405.1843(b)**; *Howard Young Med. Ctr., Inc. v. Shalala*, 207 F.3d 437, 443 (7th Cir. 2000) ("[W]e will not hold the HCFA, much less the Secretary, responsible for a stipulation that they had no chance to challenge and that may conflict with the agency's official position . . . ."), *citing* *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 64 (1984) (further citations omitted); *County of Los Angeles v. Leavitt*, 521 F.3d 1073, 1079 (9th Cir. 2008) ("intermediary interpretations are not binding on the Secretary, who alone makes policy") (citation omitted).

The lack of a written agreement alone sustains HHS's action. This court thus need not decide whether HHS correctly interpreted the statute as barring the Hospitals' cost-sharing arrangement.

\* \* \* \* \* \* \*

The judgment of the district court is reversed, and the case remanded for entry of judgment for the Secretary.

_____

-4-